IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CRAIG DAVIDSON**,

    Plaintiff,

v.                                                                 **CIV 11-110 JB/WDS**

**BARACK OBAMA, President (in his official capacity);**
**ERIC HOLDER, Attorney General (in his official capacity)**,

    Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 6. Before the Court is pro se plaintiff Craig Davidson's Complaint against the President and Attorney General, in their official capacities, for declaratory and injunctive relief. Part of the relief requested is that the Court order the Defendants "to arrest, indict, and prosecute to the full extent of the law" thirteen former officials, including the former president, vice president, attorney general, and secretary of state, for alleged conspiracy to commit torture and for the torture and death of twelve other individuals who were suspected terrorists. *See* Doc. 1 at 47.

The Court may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Serv.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). In reviewing a plaintiff's pro se complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Further, the Court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted). Because Davidson lacks standing to pursue his claims against the President and Attorney General, and because the United States has not waived its sovereign immunity regarding the claims he attempts to allege under any statute cited in the Complaint, I recommend that the Court dismiss the Complaint without prejudice for lack of subject-matter jurisdiction, but also without giving Davidson an opportunity to amend.

Davidson's Complaint is no more than a conglomeration of historical allegations about other

individuals and political statements demonstrating Davidson's general disagreement with the United State's policies on investigation, arrest, and torture of suspected terrorists after the events of September 11, 2001. *See* Doc. 1 at 1-5, 6 ("This suit alleges that a widespread criminal conspiracy by the orders and memorandums of the Department of Justice . . . under the orders of George Bush and Dick Cheney, then executed by George Tenet, Donald Rumsfeld, and high-level military commanders."), and 11-31.

For his first "cause of action," Davidson states: "No U.S. Officer or Agent may authorize torture." Doc. 1 at 31. For his second "cause of action", Davidson states: "No U.S. Officer or Agent may condone torture." *Id.* at 33. His "third cause of action" states: "No state secrets protection applies to torture." *Id.* at 35. The "fourth cause of action" states: "No U.S. officer can participate in a criminal conspiracy in an official capacity." *Id.* The "fifth cause of action" states: "No reliance can be made on an opinion issued as part of a criminal conspiracy." *Id.* at 36. The "sixth cause of action" states: "No faith can be placed in the defendants [sic] representations to the court." *Id.* at 37. The "seventh cause of action" states: "No faith can be placed in the defendants [sic] custody of evidence." *Id.* at 41. The "eighth cause of action" states: "No faith can be placed in the defendants [sic] prosecution of violations." *Id.* at 42. The "ninth cause of action" states: "Defendants have violated petitioners [sic] equal protection rights under 42 U.S.C. § 1981." *Id.* at 44. And the "tenth cause of action" states: "Defendants have violated petitioners [sic] rights under 42 U.S.C. § 1983." *Id.* But Davidson does not make a single factual allegation regarding himself to show that he has been tortured or injured in some way.

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th

Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). For a court to have jurisdiction over an action, "the party bringing the suit must establish standing." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11(2004). To establish constitutional, or Article-III, standing, "[t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Id.* at 12. In addition, the prudential-standing doctrine prohibits a litigant from attempting to raise another person's legal rights. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Sedlin*, 422 U.S. 490, 499 (1975). "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id* at 500.

Because Davidson's Complaint is bereft of any factual allegations to show that he has been tortured or injured as a result of the Defendants' allegedly unlawful actions or policies, and because he seeks only to obtain a declaration that the rights of others were violated and an order mandating the Defendants to arrest and prosecute former officials for the allegedly unlawful injury of other people, he has failed to establish constitutional or prudential standing and his Complaint must be dismissed for lack of subject-matter jurisdiction. *See Warth*, 422 U.S. at 499-501; *Cohen v. Obama*, No. 09-6187, 359 Fed. App'x 40, 42, 2009 WL 5159765, *2 (10th Cir. Dec. 31, 2009) (affirming dismissal of suit because plaintiff "failed to show a particularized injury, but rather has stated only general disagreement with various government actions" and therefore "lacks standing," and noting that the "lack of standing is fatal to his case and this court's jurisdiction to hear his case" because "[c]onstitutional standing is necessary to the court's jurisdiction . . . .") (internal quotation marks

and citation omitted).

Further, Davidson has failed to allege facts to show that the sovereign immunity of the United States has been waived. Davidson states that this Court's jurisdiction exists "under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (Action to compel an officer of the United States to perform his duty); and directly under the Constitution." Doc. 1 at 7. Davidson sues the Defendants only in their official capacities, and acknowledges that the question therefore arises whether the sovereign that employs them is immune from suit. *See* Doc. 1 at 8; *and see Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (noting that the United States is sovereignly immune from suit; that "[t]he burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity;" and that "sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. . . . . [T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain suit.") Davidson then offers 42 U.S.C. § 1983 as the "specific example" of the statute permitting suit against the United States's officers/employees for alleged constitutional violations. Doc. 1 at 8.

But § 1983 does not apply to the federal government, its agencies, or its employees or officers acting in their official capacities. *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, \*\*2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983;" and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (noting that sovereign immunity generally precludes claims against the United States government).

And neither § 1331 nor § 1361 provide a basis for the Court's jurisdiction in this case. "While 28 U.S.C. § 1331 grants [federal] court jurisdiction over all 'civil actions arising under the

Constitution, laws or treaties of the United States,' it does not independently waive the Government's sovereign immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver." *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006).

Section 1361 provides federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Sovereign immunity "does not bar a district court from exercising subject-matter jurisdiction granted under § 1361." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1444-45 (10th Cir. 2007). But "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated – the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Id.* at 479. "Thus, the question whether a particular act [challenged through mandamus] is discretionary . . . rises to the jurisdictional level." *Id.* "The Attorney General and United States Attorneys retain broad discretion' to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Therefore, neither President Obama nor Attorney General Holder owe Davidson a duty to criminally prosecute anyone. His factual allegations, therefore, wholly fail to invoke the Court's jurisdiction under §1361. *See Liverman v. Bush*, No. 05-4023, 213 Fed. App'x 675, 677, 2007 WL 96551, *2 (10th Cir. 2007) (affirming dismissal of case because "the district court lacked jurisdiction [under § 1361] to compel the President and Attorney General to investigate and prosecute the criminal conduct alluded to in plaintiff's complaint" and also affirming dismissal because "a private citizen lacks a judicially

Case 1:11-cv-00110-JB-WDS   Document 7   Filed 02/17/11   Page 7 of 7

cognizable interest in the prosecution or nonprosecution of another," thus the "unbroken line of explicit precedent holding that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution . . . clearly applies here and deprives plaintiff of standing to contest the prosecutorial policies of the President and Attorney General") (internal quotation marks omitted).  Davidson has not, and cannot, state any statute that waives the United States' sovereign immunity against suit based on the allegations set forth in his Complaint.  The Court, therefore, additionally does not have subject-matter jurisdiction over the case for this reason.

    I recommend that the Court *sua sponte* dismiss Davidson's Complaint without prejudice for lack of subject-matter jurisdiction and without giving Davidson an opportunity to amend his Complaint because to do so would be futile.

_____
UNITED STATES MAGISTRATE JUDGE